# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROGELIO BERTO MENDEZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No. 2:25-cv-02062-RFB-MDC<br><br>**ORDER** |

Petitioner Rogelio Berto Mendez is currently being held at Nevada Southern Detention Center (NSDC), in Pahrump, Nevada, in the custody of Respondents and Immigration and Customs Enforcement ("ICE"). On October 23, 2025, Petitioner initiated this action by filing a counseled Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Emergency Motion for Temporary Restraining Order (TRO) (ECF No. 2). On September 9, 2025, after presenting documentary evidence and sworn testimony at his Individual Merits Hearing, Immigration Judge (IJ) Lindsy Roberts, for the Las Vegas Immigration Court, granted Petitioner Cancellation of Removal for Nonpermanent Residents under INA § 240A(b)(1). See ECF No. 2-14. Petitioner remained in detention, and on September 19, 2025, the Department of Homeland Security (DHS) filed an appeal from the IJ's decision to the Bureau of Immigration Appeals (BIA). See ECF No. 2-15. Petitioner remains in detention to date and asserts his continued detention after being granted relief from removal, while the government pursues its appeal of that decision, is unconstitutional. See ECF No. 1 at 14-15.

It is not clear to the Court what statutory or regulatory authority enables Respondents to continue to detain Petitioner pending the BIA's resolution of DHS' appeal on the merits of an immigration court's resolution of removal proceedings. Accordingly, the Court directs that the Petition and Motion for TRO be served on Respondents and issues an Order to Show Cause (OSC)

why the writ should not be granted to be returned within three days. See 28 U.S.C. § 2243 (providing the Court shall "forthwith . . . issue an order directing the respondent to show cause why the writ should not be granted . . within three days unless for good cause additional time, not exceeding twenty days, is allowed."). Respondents are directed to identify and certify in their response what specific statutory or regulatory provision(s) they contend authorizes Petitioner's continued detention. Id. ("The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.").

Therefore, **IT IS HEREBY ORDERED** that the Clerk of Court:

1. **DELIVER** a copy of the Petition (ECF No. 1), the Emergency Motion (ECF No. 2), and this Order to the U.S. Marshal for service.

2. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1), the Emergency Motion (ECF No. 2), and this Order to the United States Attorney for the District of Nevada in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) by adding United States Attorney for the District of Nevada to the docket as an Interested Party at Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, caseview.ecf@usdoj.gov.

3. **MAIL** a copy of the Petition (ECF No. 1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

1) John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060;

2) Jason Knight, Salt Lake City Field Office Acting Director, U.S. Immigration & Customs Enforcement, Enforcement and Removal Operations, 2975 Decker Lake Drive, Suite 100, West Valley City, UT 84119;

3) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530-0001;

4) Kristi Noem, Secretary of the Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528.

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** a copy of the Petition (ECF No. 1) and this Order on the United States Attorney for the District of Nevada or on an Assistant

United States Attorney or clerical employee designated by the United State Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to General Order 2025-07, <u>In Re: Stay of Civil Proceedings Involving the United States During Lapse of Appropriations</u>, Petitioner's counsel is instructed to **SEND** by electronic mail a courtesy copy of the Petition and Emergency Motion to the Civil Division of the U.S. Attorney's Office for the District of Nevada at USANV.CivilDuty@usdoj.gov and on the Civil Chief for the U.S. Attorney's Office for the District Nevada at Summer.Johnson@usdoj.gov.

**IT IS FURTHER ORDERED** that counsel for Respondents **FILE** a notice of appearance and **FILE AND SERVE** their response to the **ORDER TO SHOW CAUSE** as instructed above on or before **October 27, 2025 at 5:00 p.m.**

**IT IS FURTHER ORDERED** that counsel for Respondents **FILE AND SERVE** their response to the (ECF No. 2) Emergency Motion by **October 29, 2025 at 5:00 p.m.** Respondents' counsel is **GRANTED LEAVE** to incorporate by reference any arguments previously made in related habeas matters before this Court, so long as they file the referenced brief as an exhibit for Petitioner's review.

**IT IS FURTHER ORDERED** that counsel for Respondents **FILE AND SERVE** their response to the (ECF No. 1) Petition on or before **October 31, 2025**.

**IT IS FURTHER ORDERED** that Petitioner may file a reply, if desired, in support of the Emergency Motion on or before **October 30, 2025 at 5:00 p.m**. Petitioner may file a reply in support of the Petition, if desired, on or before **November 7, 2025**.

**DATED:** October 24, 2025.

                        **RICHARD F. BOULWARE, II**
                        **UNITED STATES DISTRICT JUDGE**